ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br>Recurrido<br><br>v.<br><br>SANTOS RODRIGUEZ ALSINA<br>Peticionario | KLCE202400052 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Número:<br>E MI2023-0252<br><br>Sobre:<br>Regla 240 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de febrero de 2024.

Comparece el señor Santos Rodríguez Alsina (Sr. Rodríguez Alsina o peticionario) y nos solicita la revocación de dos *Resoluciones* notificadas por el Tribunal de Primera Instancia, Sala de Caguas (TPI o foro primario) el 15 de diciembre de 2023 y el 11 de enero de 2024, respectivamente.[1] Mediante los referidos dictámenes interlocutorios, el foro primario denegó dos solicitudes de descubrimiento de informe pericial y notas del perito del Tribunal, relacionadas a los asuntos dispuestos en la Regla 240 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 240. Veamos.

## I.

Contra el peticionario se presentó una denuncia por la alegada infracción al Artículo 4(b) de la Ley Núm. 284-1999, Ley Contra el Acecho en Puerto Rico, 33 LPRA sec. 4014. Celebrada la vista preliminar y conforme dispone la Regla 240, *supra,* el Sr. Rodríguez Alsina fue referido el 23 de octubre de 2023 para la

---

[1] Apéndice, págs. 2 y 3.

evaluación del perito siquiatra nombrado por el TPI, Dr. William Lugo Sánchez. Ello, a los fines de determinar su capacidad o incapacidad mental para encarar el proceso judicial, en preparación para la vista de procesabilidad señalada para el 18 de diciembre de 2023.

Del expediente surge que, el 30 de noviembre de 2023, el peticionario instó una *Urgente moción solicitando remedios en el trámite al amparo de la Regla 240 de las de Procedimiento Criminal.*[2] Allí, solicitó la entrega de la evaluación, informe y notas "que redacte" el Dr. Lugo Sánchez.  En reacción, el Ministerio Público expuso que sirve a los mejores propósitos y fines de la justicia que ambas partes tengan acceso al informe pericial que en su día pueda rendir el perito.[3]  Sin embargo, objetó la entrega de las notas del Dr. Lugo Sánchez por considerarlas "work product", presuntamente protegidas por la norma jurisprudencial estatutaria de *Ades v. Zalman,* 115 DPR 514 (1984). Evaluado lo anterior, el TPI emitió la *Resolución* de 15 de diciembre de 2023 en la cual declaró no ha lugar la referida moción.

Llegado el día de la vista de procesabilidad, el perito, Dr. Lugo Sánchez, informó al tribunal, en corte abierta, que no había evaluado al peticionario. En su consecuencia, mediante una *Resolución y Orden*[4] emitida el 18 de diciembre de 2023, el TPI hizo constar "[e]l acusado de epígrafe **no fue puesto a disposición para ser evaluado** y el Dr. Lugo estaba listo para rendir su informe verbal."[5] (Énfasis en el original.) Cónsono con lo anterior, señaló la evaluación del imputado para el 24 de enero de 2024 y re-señaló la vista de procesabilidad para el 29 de enero de 2024.

---

[2] Apéndice, págs. 4-5.
[3] Apéndice, págs. 6-7.
[4] Apéndice, pág. 10.
[5] *Íd.*

Insatisfecho, el 9 de enero de 2024, el peticionario suplicó al foro primario que emitiera una orden al Dr. Lugo Sánchez para "preparar" un informe sobre la evaluación que realice al Sr. Rodríguez Alsina y que lo entregue oportunamente a la defensa y al Ministerio Público.[6] No surge del apéndice ante nos que, el Ministerio Público haya presentado algún escrito en reacción a lo anterior. No obstante, en atención al remedio solicitado por el peticionario, el TPI expuso lo siguiente: "Véase notificación de 15 de diciembre de 2023."[7]

Inconforme, el peticionario acude ante esta Curia y señala lo siguiente:

> Incurrió el Tribunal de Primera Instancia de Caguas en una violación al debido proceso de ley al denegar una solicitud de defensa, a la cual se unió el Ministerio Fiscal, a los fines de ordenar al perito del Estado -en una evaluación de procesabilidad bajo la Regla 240 de Procedimiento Criminal- el confeccionar un informe pericial y entregarlo a las partes con tiempo suficiente previo a la vista para que éstos puedan [prepararse] adecuadamente. Tal negativa, irremediablemente desemboca en una flagrante violación al derecho constitucional del acusado a un debido proce[s]o de ley y a tener una representación legal adecuada durante una etapa crítica del proceso penal. (Notas omitidas.)

En cumplimiento con nuestra *Resolución*, emitida el 18 de enero de 2024,[8] y luego de autorizar una breve prórroga según solicitada, la recurrida presentó su *Escrito en cumplimiento de orden.* En su oposición, la parte recurrida señaló claramente que se allana a que "se le entregue al señor Rodriguez Alsina el informe pericial

---

[6] Véase, *Urgente moción solicitando orden,* Apéndice, págs. 13-14.

[7] Apéndice pág. 3.

[8] Cabe señalar que, en respuesta a la presentación del recurso de *certiorari,* el 18 de enero de 2024 a las 9:34 a.m., emitimos una *Resolución* concediendo cinco días a la parte recurrida para expresarse, con instrucciones dirigidas a la Secretaría para que procediera con su notificación inmediata. A pesar de nuestros esfuerzos por atender con premura este asunto, mediante la *Moción urgente solicitando paralización en auxilio de jurisdicción* que instó el peticionario, advinimos en conocimiento de que la referida *Resolución* no fue notificada en autos hasta el 22 de enero de 2024, trastocando los términos dispuestos para el perfeccionamiento del recurso. Como resultado de lo anterior, y a petición del peticionario, ordenamos la paralización inmediata de los efectos de los dictámenes y procedimientos ulteriores ante el TPI, en aras de garantizar un debido proceso de ley a ambas partes. Además, ordenamos a la parte recurrida acreditar el cumplimiento de la *Resolución* emitida el 18 de enero de 2024.

que el doctor Lugo Sánchez *pudiese* preparar".[9] (Énfasis en el original.) Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari*. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. La citada Regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[9] *Escrito en Cumplimiento de Orden*, pág. 1.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023; *Pueblo v. Rivera Montalvo*, 205 DPR 352 (2020).

**III.**

En su petición de *certiorari,* el Sr. Rodríguez Alsina impugna dos determinaciones del TPI que versan sobre la denegatoria a ordenar al perito del Estado preparar y entregar un informe pericial sobre sus hallazgos, luego de evaluar al peticionario al amparo de la Regla 240, *supra.* En su petitorio, el Sr. Rodríguez Alsina nos solicita que revoquemos los dictámenes recurridos, que ordenemos al Dr. Lugo Sánchez preparar un informe pericial y que decretemos la entrega de dicho informe a ambas partes con antelación a la celebración de la vista de procesabilidad.[10] Ello, para preparar adecuadamente la defensa del peticionario y salvaguardar su debido proceso de ley.

Al entender sobre la presente causa, con el beneficio de los documentos que surgen del apéndice, es de notar que, en su primer requerimiento, el peticionario solicitó ampliamente al foro primario

---

[10] Cabe señalar que, según la *Petición* ante nos, la defensa del Sr. Rodríguez Alsina no incluye en su suplica que se ordene la entrega de las notas o cualquier otro documento que el Dr. Lugo Sánchez prepare sobre el caso de autos, por lo que lo damos por no puesto en el recurso ante nos.

ordenar al Dr. Lugo Sánchez "la entrega de la evaluación e informe, notas o cualquier otro documento que este prepare."[11] Posteriormente, y luego de que el TPI denegara su primer intento, el Sr. Rodríguez Alsina circunscribió su segunda súplica a que el TPI ordene al Dr. Lugo Sánchez "preparar un informe sobre el examen que le realice al señor Rodríguez y que el mismo sea entregado oportunamente a la Defensa y al Ministerio Público."[12]

Mediante la primera determinación recurrida, el TPI denegó la solicitud de entrega del informe y las notas del perito. En la segunda determinación, sobre la solicitud de preparación del informe, el TPI se limitó hacer referencia a lo resuelto previamente.

Por su parte y al reaccionar sobre el recurso instado, el Ministerio Público se allana a que, en la eventualidad de que el Dr. Lugo Sánchez prepare un informe pericial por escrito, el mismo sea entregado a ambas partes, previo a la vista de procesabilidad.

Luego de un estudio sosegado del recurso de epígrafe, apreciamos que ambos pronunciamientos recurridos se efectuaron en una etapa procesal anterior a la propia evaluación del peticionario y previo a la celebración de la vista de procesabilidad. Pendiente lo anterior, el foro primario impartió instrucciones específicas al nuevamente ordenar la evaluación del peticionario y la celebración de la referida vista, en aras de garantizar lo dispuesto por nuestro ordenamiento en la Regla 240, *supra*. Lo antes, conforme a su amplia discreción para conducir el buen manejo del caso dentro de un debido proceso de ley. Del expediente se desprende que, el Dr. Lugo Sánchez fue nombrado por el Estado para evaluar al Sr. Rodríguez Alsina y ofrecer su opinión pericial -durante la vista bajo la Regla 240, *supra*- sobre si el peticionario es o no procesable. Como se sabe, puntualizamos que, en aras de

---

[11] Énfasis nuestro. Véase, Apéndice, pág. 5.
[12] Énfasis nuestro. Véase, Apéndice, pág. 14.

salvaguardar el debido proceso de ley, el informe del Dr. Lugo Sánchez -que en esta etapa de los procesos desconocemos si será verbal o escrito- estará sujeto a ser confrontado por la defensa, en cumplimiento de las normas jurídicas y procesales establecidas.

En armonía con lo anterior, colegimos que no se reúnen los criterios que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* para intervenir en esta etapa de los procesos y en atención a lo expuesto en este recurso queda establecida la postura del Ministerio Público, allanándose a la entrega del informe pericial si se llegara a preparar.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari.* En su consecuencia, dejamos sin efecto la paralización de los procedimientos ante el Tribunal de Primera Instancia y en aras de garantizar mayor agilidad y economía procesal, el foro primario deberá proceder de inmediato con el señalamiento de la evaluación al amparo de la Regla 240, *supra,* y la vista de procesabilidad correspondiente.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones